## Case No. 17,212.

### WASHBURN v. ARTISANS' INS. CO.

### SAME v. PENNSYLVANIA INS. CO.

[27 Pittsb. Leg. J. (10 N. S.) 55; 12 Chi. Leg. News, 82; 9 Ins. Law J. 68; 14 Am. Law Rev. 85; 25 Int. Rev. Rec. 378.] [1]

Circuit Court, W. D. Pennsylvania. Nov. 10, 1879.

FIRE INSURANCE—CONSTRUCTION OF POLICY—EXPLOSION ON PREMISES—EXCEPTED RISK.

The policy of insurance in suit contained the following exceptions: "XI. Not Liable for.—This company shall not be liable for loss in case of fire happening by any insurrection, invasion, foreign enemy, civil commotion, riot, or any military or usurped power; nor for damage by lightning (unless fire ensues, and then for the loss or damage by fire only, which shall be determined by the value of the damaged property after the casualty by lightning); or explosions of any kind whatever within the premises." The weight of the testimony was that a destructive fire had broken out on the premises insured, and continued to burn for from five to eight minutes when an explosion occurred, almost immediately followed by a second explosion, which caused, with the fire, the total destruction of the premises. Found, by the circuit judge (trial by jury being waived), as matter of fact, that a destructive fire preceded the explosions and caused them; and held, 1st, that the fire being the proximate cause of the loss, the case is not within the exception contained in the policy, that it is immaterial that the destruction of the insured premises attacked by fire was accelerated or rendered more complete by the explosions, and that it is only in a case where an explosion originally produces the loss, or there is mere ignition of explosive matter and a destructive fire ensues, that the exception applies.

[Cited in Washburn v. Miami Valley Ins. Co., 2 Fed. 639.]

[These were actions at law by C. C. Washburn against the Artisans' Insurance Company and the Pennsylvania Insurance Company.]

R. B. Carnahan, for plaintiff.

Malcolm Hay and Thos. C. Lazear, for defendants.

McKENNAN, Circuit Judge. In this case the parties in writing stipulated to dispense with a jury and that, therefore, the facts should be found by the court. The suit was brought upon a policy of insurance against loss by fire, and the following facts are found as the result of the preponderance of the voluminous evidence in the case: 1. On the 15th of February, 1877, the defendant issued a policy of insurance to the plaintiff, by which it

---

[1] [4 Am. Law Rev. 85, contains only a partial report.]

agreed to insure the building known as Washburn Mill A. in the sum of $850, and the machinery therein in the sum of $1700 for one year. 2. This policy was renewed and extended for one year from the 15th of February, 1878. 3. On the 2d of May, 1878, the property described in the policy was totally destroyed, and proofs of loss were duly furnished by the plaintiff to the defendant. 4. The primary cause of the loss was a destructive fire which communicated with some explosive matter in the mill, a disastrous explosion ensued, and thus the entire premises were destroyed and consumed. 5. About the time and before the renewal of the policy in controversy, the plaintiff, by his agent, represented to the defendant, that no greater rate of premium than 3 per cent. would be paid for insurance of the same property during the year 1878, upon policies thereafter negotiated, and upon the faith of this assurance, the defendant renewed its policy. 6. No higher rate of premium than 3 per cent. was paid or agreed to be paid by the plaintiff after the renewal of the policy in suit, to any other company for insurance of the premises covered by the defendant's policy.

This special finding of facts necessarily leads to a general finding in favor of the plaintiff for the whole amount of his claim and interest from July 26th, 1878. This is liquidated at twenty-seven hundred and forty-seven dollars and sixty-three cents, as of date November 10th, 1879, for which judgment will be entered. The decisive question in this case is one of fact, and, if a jury had found it in favor of the plaintiff, they must have rendered a verdict for him. Was the loss caused by a destructive fire, or by an explosion within the insured premises? I have affirmed the first hypothesis, as supported by the weight of the evidence; but, in view of the effect of the explosion which occurred, it remains to consider whether the loss is within the exception in the policy. That the magnitude of the fire was rapidly increased, and hence the destruction of the premises was promoted and accelerated, by the explosion, is incontrovertible. The policy embraces all loss caused by fire, and, in this respect, the exception does not limit its scope. Both the body of the policy and the exception have reference to original or proximate causation, and to all the resulting consequences. It is only then in a case where an explosion originally produces the loss, or there is mere ignition of explosive matter and a destructive fire ensues, that the exception applies. But where an insured structure is attacked by fire, in the progress of which the ignition of an explosive substance is involved, and its destruction is thereby accelerated, or rendered more complete, the loss is just as much attributable to fire as if the result had been effected by unaided, gradual combustion. This is the import of the policy, and, as the explosion is found to have been a consequence of the fire, the liability of the insurer is unqualified by the exception.